UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>             Plaintiff,<br><br>     v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>             Defendants. | Case No.  1:24-cv-00255-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Mark A. Crozier ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on February 29, 2024.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Summary of Plaintiff's Allegations**

Plaintiff drafted his complaint, in part, using a complaint form. The form lists the following defendants: (1) Valley Health Team, Inc.; and (2) Michelle Galean, a dentist. (Doc. 1 at 2.) Plaintiff identifies the basis of this Court's jurisdiction as federal question. (*Id.* at 3.) In the section in which he is asked to indicate the federal constitutional or federal statutory rights he believes are issue in this case, he states, "my human right was violated. 22 U.S. Code § 2304 [¶] Personol [sic] injury on Federal property section code 704.140." (*Id.* at 4.) When asked to specify the amount in controversy, Plaintiff claims damages in the amount of "750,000,00." (*Id.* at 5.) The statement of claim section states as follows:

> On final schedule appoinent date, I was cleared for having no cavities. I excited for deep cleaning. During my cleaning it felt like drilling. So I interrupted and asked her are you drilling? She said no. I said I feel a hole in my teeth with my tougue. She should a frantic look on her face. Then I asked my a mirror then she said on you have a cavity. Puzzled I let her continue her job. I calmly left the dentist and called my insurance within that week I found out that there was an addition tooth, with a hole. Which Western Dentist had to fix twice. At this moment I felt it was my back moler as well. Exprents pain & suffering.

(*Id.*) (unedited text.) Plaintiff attaches a number of documents and exhibits to the form complaint. The Civil Cover Sheet accompanying the complaint describes the cause of action as dental malpractice. (Doc. 1-1.)

///

2

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not clearly state what happened, when it happened or who was involved. Further, Plaintiff's complaint does not include any allegations identifying or otherwise relating to the named defendants.  Without basic information concerning what happened, the Court cannot determine if he states a cognizable claim for relief.  If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved.  Fed. R. Civ. P. 8.

**B.  Federal Court Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State*

3

*Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the complaint fails to allege this Court's subject matter jurisdiction.

Plaintiff appears to invoke federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff generally asserts a violation of his "human rights," but does not invoke a specific provision of the United States Constitution. Plaintiff cites 22 U.S.C. § 2304, which relates to foreign policy and security assistance, not allegations of dental malpractice. Plaintiff alleges injury on federal property, citing "section code 704.140." (Doc. 1 at 4.) However, Plaintiff does not provide a complete citation to a federal statute or provide any factual support demonstrating that any alleged injury occurred on "federal property." Because Plaintiff fails to cite any particular federal statute or constitutional provision applicable to the allegations in his complaint, he has failed to establish this Court's jurisdiction. To the extent Plaintiff is attempting to assert a claim for negligence or medical malpractice, any such claim sounds in state law, not federal law. *See Solomon v. Tate*, 1:12-cv-00056-GSA-PC, 2014 WL 11759441, at *3 (E.D. Cal. Jun. 26, 2014) (indicating claims for negligence and medical malpractice are state law claims). Thus, Plaintiff's complaint does not establish federal question jurisdiction.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

establish this Court's jurisdiction.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **May 1, 2024**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE