UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>        Plaintiff,<br><br>    v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>        Defendants. | Case No. 1:24-cv-00255-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Mark A. Crozier ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 29, 2024. (Doc. 1.) On May 2, 2024, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 4.) Plaintiff's first amended complaint, filed on May 28, 2024, is currently before the Court for screening. (Doc. 5.)

**I.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Summary of Plaintiff's Allegations

Plaintiff drafted his complaint, in part, using a complaint form.  The form appears to name both Valley Health Team and Michell Galeon[1] as defendants.  (Doc. 5 at 2, 4, 12.)  Plaintiff identifies the basis of this Court's jurisdiction as federal question.  He alleges that Valley Health Team is a federally qualified health center, and that Michelle Galeon is an employee of the federal government.  Plaintiff therefore invokes 28 U.S.C. § 1346(b).  (*Id.* at 3, 4.)  In the section in which he is asked to indicate the federal constitutional or federal statutory rights he believes are at issue in this case, he identifies the Federal Tort Claims Act and the "Dental Practice Act," Penal Code §§ 801, *et seq.*  (*Id.* at 4.)  When asked to specify the amount in controversy, Plaintiff claims damages in the amount of "700,500,00."  (*Id.* at 5.)  In the statement of claim, Plaintiff alleges as follows:

> At the time, I had no cavities. I ask for a deep cleaning.  My Insurance did allowed throw my dental plan.  Ms. Galleon gave me several shots to my gums. Then unaware she was drilling holes in my teeth.  One was long and the others tiny.  I do steal have pain, difficulty eating, weight loss and stress.  [¶] Michelle personal injured me in two ways.  Physically and cosmetically.  What she did historically is called <u>Buck Breaking</u> Law Penal Code 623.

---

[1] Plaintiff's amended complaint and attachments variously identify defendant Galeon as "Gallon," "Galleon," and "Galean."

2

1  (*Id.* at 5-6) (unedited text).  Plaintiff further alleges that he has pain and difficulty eating.  He

2  avoids eating hard food.  He also alleges that he has been to the dentist 6 to 10 times in one year

3  due to pain.  He reportedly was informed by three different dentist personnel "to extract one to

4  two of [his] teeth.  Those one that Michelle drill on purpose." (*Id.* at 6.)  Plaintiff told them "No"

5  because he wants to have physical proof of what Michelle did to him.  (*Id.*)

6        Plaintiff attaches a number of documents and exhibits to the form complaint.  (Doc. 5 at

7  7-18.)  One of those exhibits, entitled "Petitioners Statement of Facts," alleges as follows:

8  > On 09/24/2019 as a new patient I visited Dr. Michelle Galean at her place of employment "Valley Health Team" located at 4711 W. Ashlan Ave. Fresno, California 93722 for what I believed to be a simple teeth cleaning.  [¶] While there Dr. Galean took it upon herself to perform unauthorized and unwanted dental work without ever consulting with me or gaining my permission prior to performing the work.  [¶]  Dr. Galean drilled two holes in a back tooth of mine, causing me unnecessary pain and suffering to this day.  When confronted about this she asked me "not to tell" anyone and not to report her.  This was something I could never do since at that point I was experiencing severe discomfort.

13  (Doc. 5 at 17.)  Additionally, at least one attachment references Plaintiff's FTCA administrative

14  tort claim involving Valley Health Team, Inc.  (Doc. 5 at 10.)

15  **III.     Discussion**

16  **A. Federal Tort Claims Act**

17        Plaintiff alleges that Valley Health Team, Inc. is a federal qualified health center, and

18  Michelle Galleon is a federal employee.  Construing Plaintiff's amended complaint liberally, the

19  Court interprets Plaintiff's allegations as claims of medical malpractice or negligence premised

20  on Plaintiff's dental care brought pursuant to the Federal Tort Claims Act ("FTCA").  The FTCA

21  gives district courts "exclusive jurisdiction of civil actions on claims against the United States,

22  for money damages ... for injury or loss of property, or personal injury or death caused by the

23  negligent or wrongful act or omission of any employee of the Government while acting within

24  the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

25        "The FTCA provides that the United States shall be liable for tort claims 'in the same

26  manner and to the same extent as a private individual under like circumstances.'" *Gelazela v.*

27  *United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9 (E.D. Cal. Dec. 1,

28  2022) (citing *United States v. Olson*, 546 U.S. 43, 46 (2005); 28 U.S.C. § 2674). "To state a

1 claim for medical negligence or malpractice under California law, Plaintiff must establish '(1)
2 the duty of the professional to use such skill, prudence, and diligence as other members of his
3 profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal
4 connection between the negligent conduct and the resulting injury; and (4) actual loss or damage
5 resulting from the professional's negligence.'" *Gelazela*, 2022 WL 17368681, at *10 (citing
6 *Sampson v. Ukiah Valley Med. Ct.*, No. 15-cv-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal.
7 June 30, 2017)).

Further, administrative exhaustion is a required element of a claim under the FTCA. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

"This is a jurisdictional prerequisite to pursuing an FTCA claim in a district court." *Gelazela*, 2022 WL 17368681, at *10 (citing *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady*, 211 F.3d at 502 (quoting J*erves v. United States*, 966 F.2d 517, 521 (9th Cir.1992)).

Plaintiff's first amended complaint fails to adequately allege administrative exhaustion. The exhibits attached to the amended complaint suggest that Plaintiff filed an administrative tort claim. (*See* Doc. 5 at 10). However, Plaintiff does not expressly allege that he timely filed an administrative claim, nor does he indicate whether the claim has been denied by the agency (or if

4

the agency failed to make a final disposition of the claim within six months after its filing). Plaintiff will be granted a final opportunity to amend his complaint to allege administrative exhaustion under the FTCA.

### B.  "Dental Practice Act," Penal Code §§ 801, *et seq.*

Plaintiff refers to the Dental Practice Act, citing Penal Code §§ 801 and 803. Plaintiff's reference to the Dental Practice Act, particularly by way of penal code sections, is unclear. California's Dental Practice Act is found in California's Business and Professions Code §§ 1600, *et seq.* The act is administered by the Dental Board of California. Cal. Bus. & Prof. Code § 1601.1.

The specific provisions of the Penal Code cited by Plaintiff are likewise unclear. Those provisions include Penal Code §§ 623, 801 and 830. Insofar as Plaintiff is attempting to bring criminal charges against defendants, he may not do so. As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *See Turner v. Salorio*, No. 1:19-cv-01620-DAD-BAM (PC), 2020 WL 1974207, at *3 (E.D. Cal. Apr. 24, 2020); *see also Sn v. Gariah*, No. 2:22-cv-01796-KJM-CKD (PS), 2022 WL 17722617, at *2 (E.D. Cal. Dec. 15, 2022) (indicating federal law does not allow a private citizen to bring a criminal prosecution against another citizen).

### IV.  Conclusion and Order

Plaintiff's complaint fails to adequately allege a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for failure to state a cognizable claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 2, 2024**            /s/ *Barbara A. McAuliffe*            
                                     UNITED STATES MAGISTRATE JUDGE