UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00255-BAM<br><br>ORDER GRANTING MOTION FOR CLARIFICATION (Doc. 7)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

      Plaintiff Mark A. Crozier ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 29, 2024. (Doc. 1.) On July 3, 2024, the Court screened Plaintiff's first amended complaint. (Doc. 4.) The screening order explained that Plaintiff's first amended complaint failed to adequately allege administrative exhaustion of his Federal Tort Claims Act ("FTCA") claim. The screening order also explained that Plaintiff's assertion of a Dental Practice Act claim was unclear and, to the extent he was attempting to bring criminal charges against defendants, he could not do so. (*Id.*) The Court directed Plaintiff to file an amended complaint that cured these deficiencies within thirty (30) days from the date of service of the order. (*Id.* at 6.)

      Currently pending is Plaintiff's motion for clarification of the Court's order. (Doc. 7.) Plaintiff indicates that he does not have a clear understanding of the Court's directions. He also requests an extension of the time to file his claim, which the Court construes as a request for an

1

extension of time to file his second amended complaint. (*Id.*) Plaintiff's motion for clarification and his request for an extension of time to file his second amended complaint are GRANTED.

Plaintiff has been granted a final opportunity to amend his complaint to cure the deficiencies identified by the Court in its July 3, 2024 screening order. The Court identified these deficiencies as: (1) the failure to allege administrative exhaustion under the FTCA, (Doc. 6 at 4-5); and (2) the failure to clearly state a claim under the Dental Practice Act, (*id.* at 5). With regard to the failure to allege administrative exhaustion, the Court explained that Plaintiff's first amended complaint did not expressly state that he timely filed an administrative claim with the appropriate Federal agency and that the claim had been denied by that agency (or the agency failed to make a final disposition of the claim within six months after its filing). With regard to the Dental Practice Act claim, the Court explained that Plaintiff's purported claim was unclear and that he could not bring criminal charges against defendants as a private citizen. (*Id.* at 5.) Plaintiff was then instructed to file a second amended complaint to cure these deficiencies to the extent he was able to do so in good faith. (*Id.* at 5.)

As previously instructed by the Court, within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the above-identified deficiencies. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order and for failure to state a cognizable claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: __July 12, 2024__         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE