UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>          Plaintiff,<br><br>     v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>          Defendants. | Case No.  1:24-cv-00255-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Mark A. Crozier ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 29, 2024.  (Doc. 1.)  On May 5, 2024, the Court screened Plaintiff's complaint and granted him leave to amend.  (Doc. 4.)  Plaintiff filed a first amended complaint on May 28, 2024.  (Doc. 5.)  On July 7, 2024, the Court screened Plaintiff's first amended complaint and granted him leave to file a second amended complaint.  (Doc. 6.)  Plaintiff's second amended complaint, filed on August 29, 2024, is currently before the Court for screening.  (Doc. 11.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff drafted his second amended complaint ("SAC") using a complaint form. The form names the United States of America, Valley Health Team, and Michell Gallean[1] as defendants. Plaintiff identifies the basis of this Court's jurisdiction as federal question. He alleges that Valley Health Team is a federally qualified health center covered by the Federal Tort Claims Act ("FTCA"), and that Michelle Gallean is an employee of Defendant Valley Health Team. Plaintiff therefore invokes 28 U.S.C. §§ 1346(b) and 2401(b). (Doc. 11 at 3, 4.) In the section in which he is asked to indicate the federal constitutional or federal statutory rights he believes are at issue in this case, he again identifies the FTCA. (*Id.* at 4.)

Plaintiff asserts that he sent a written letter to the United States "Department of Health of final denial claim," pursuant to 28 C.F.R. § 14.9(b). (Doc. 11 at 4.) In the statement of claim, Plaintiff alleges as follows:

> Date 09/24/2019 [¶] Michell Galean DDS negligently provided dental services resulting [in] pain, eating, hot or cold.  6 to 7 month I find Michelle had drilled

---

[1] The SAC also identifies defendbant Gallean as "Galean."  (Doc. 11 at 4, 5.)

> additional very small hole next to my other tooth she drilled then patched. As soon as numbing shot wore off I was in pain. [Valley] Health is federally funded health center. That what makes United States of America a defendant in this case. [Causing] me harm and violating my right.

(*Id.* at 5.) As relief, Plaintiff seeks "monetary damage for pain and suffering future medical for repairs and other economic damages subject to proof." (*Id.* at 6.) He seeks actual damages determined according to proof. (*Id.*)

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

The SAC is not a plain statement of Plaintiff's claims. While short, the SAC does not clearly state what happened that resulted in a violation of his rights. Plaintiff includes a conclusory allegation that Defendant Gallean "negligently provided dental services," but his factual allegations failure to identify the services he claims were negligent. The allegations are disjointed and difficult to understand. He alleges that Defendant Gallean drilled an additional small hole, but it is unclear whether she patched that hole. (*See* Doc. 11 at 5.) Plaintiff's limited factual allegations are not sufficient to state a claim that is plausible on its face.

#### B. Federal Tort Claims Act

Plaintiff names the United States of America as a defendant under the FTCA based on the alleged negligence of Defendant Michelle Gallean, an employee of Defendant Valley Health Team, which is alleged to be a federally supported health center.

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), FTCA

coverage may be granted to certain federally qualified health centers and their employees. *See Blumberger v. Tilley*, No. 22-56032, --- F.4th ---, 2024 WL 4113840, at *2 (9th Cir. Sept. 9, 2024) (explaining that under FSHCAA, federally funded health centers and their employees can be "deemed" federal employees for the purposes of malpractice liability and that "[w]hen deemed employees are sued for actions taken within the scope of their employment, the United States is . . . substituted as the defendant and the action proceeds as an FTCA suit"); *see also Velasquez v. United States*, No. 2:13-CV-02559-JAM-AC, 2014 WL 3837294, at *1 (E.D. Cal. Aug. 1, 2014). The FTCA gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "The United States is the only proper defendant in a FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). As a result, Defendants Valley Health Team and Michell Gallean are not proper defendants under the FTCA.

"The FTCA provides that the United States shall be liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9 (E.D. Cal. Dec. 1, 2022) (citing *United States v. Olson*, 546 U.S. 43, 46 (2005); 28 U.S.C. § 2674). "To state a claim for medical negligence or malpractice under California law, Plaintiff must establish '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Gelazela*, 2022 WL 17368681, at *10 (citing *Sampson v. Ukiah Valley Med. Ct.*, No. 15-cv-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017)).

Here, the SAC fails to state a cognizable medical negligence or malpractice claim. Plaintiff's amended complaint does not allege a duty of professional care or a breach of that duty. The sparse and conclusory allegations, discussed above, are not adequate to support a

claim for medical negligence or malpractice.

Further, as Plaintiff was previously informed, administrative exhaustion is a required element of a claim under the FTCA. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (citation omitted).

28 U.S.C. § 2675(a), provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

"This is a jurisdictional prerequisite to pursuing an FTCA claim in a district court." *Gelazela*, 2022 WL 17368681, at *10 (citing *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady*, 211 F.3d at 502 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992)).

Plaintiff's SAC fails to adequately allege the timely filing of an administrative claim. Plaintiff's single allegation that he sent a written letter to the "Department of Health of final denial claim" is insufficient to demonstrate exhaustion of his administrative remedies. (Doc. 11 at 4.) Plaintiff's disjointed and unclear allegations do not show if and when he filed a claim with the appropriate agency or that his claim was finally denied in writing (or that the agency failed to make a final disposition of the claim within six months after it was filed). Despite being informed of the exhaustion and related pleading requirements, Plaintiff has been unable to cure this jurisdictional defect. Because Plaintiff has failed to allege that he exhausted his administrative remedies as required by the FTCA, this Court does not have jurisdiction and the

action must be dismissed.

### IV.    Conclusion and Recommendation

For the reasons stated, Plaintiff fails to allege that he exhausted his remedies as required by the FTCA prior to bringing this action. The Court therefore lacks jurisdiction. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction over this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2024**              /s/ Barbara A. McAuliffe            _
                                          UNITED STATES MAGISTRATE JUDGE