UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00255-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 20)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Mark A. Crozier ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 29, 2024, under the Federal Tort Claims Act ("FTCA"). (Doc. 1.)

On March 24, 2025, the Court granted Plaintiff a final opportunity to amend his complaint to allege that this lawsuit is timely, or that he is entitled to equitable tolling, under the timing requirements of 28 U.S.C. § 2401(b). (Doc. 17.) On April 18, 2025, the Court granted Plaintiff a sixty-day extension of time to file a third amended complaint. (Doc. 19.) Plaintiff's third amended complaint ("TAC"), filed on June 23, 2025, is currently before the Court for screening. (Doc. 20.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names Valley Health Team, Inc as the sole defendant. Plaintiff alleges that on September 24, 2019, Plaintiff went inside defendant's dental practice to get his teeth deep cleaned. While getting his teeth deep cleaned, the doctor started drilling Plaintiff's teeth "without his permission or his insurance permission which caused Plaintiff to sustain serious injury." (Doc. 20 at 1.) When Plaintiff called his insurance company, he was informed that the doctor "was only suppose to do a deep cleaning." (*Id.*)

In his first cause of action, Plaintiff asserts that defendant and its employees committed professional negligence "when they took it upon themselves to drill two big holes in the Plaintiff teeth which cases serious injury and disfigurement." (Doc. 20 at 2.) He claims that the "negligent acts of defendant breached the standard of dental care comparable to other dentist who practiced in this community and because of defendant's negligence Plaintiff suffered injury and disfigurement." (*Id.* at 2-3.)

In his second cause of action, Plaintiff asserts that defendant and its employees "did

2

personally injure the Plaintiff when they drilled in his teeth without his permission and without permission from his insurance company." (*Id.* at 3.) He alleges that this caused Plaintiff "severe injury to his two teeth and cause disfigurement to [his] teeth and jaw." (*Id.*) He seeks a judgment in the amount of $303,000.00. (*Id.*)

### III. Discussion

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), Federal Tort Claims Act ("FTCA") coverage may be granted to certain federally qualified health centers and their employees. *See Blumberger v. Tilley*, 115 F.4th 1113, 1117 (9th Cir. 2024) (explaining that under FSHCAA, federally funded health centers and their employees can be "deemed" federal employees for the purposes of malpractice liability and that "[w]hen deemed employees are sued for actions taken within the scope of their employment, the United States is . . . substituted as the defendant and the action proceeds as an FTCA suit"); *see also Velasquez v. United States*, No. 2:13-CV-02559-JAM-AC, 2014 WL 3837294, at *1 (E.D. Cal. Aug. 1, 2014). Defendant Valley Health Team Inc is not a proper defendant under the FTCA, and the United States is the only proper defendant. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in a FTCA action.").

"The FTCA provides that the United States shall be liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9 (E.D. Cal. Dec. 1, 2022) (citing *United States v. Olson*, 546 U.S. 43, 46 (2005); 28 U.S.C. § 2674). "To state a claim for medical negligence or malpractice under California law, Plaintiff must establish '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Gelazela*, 2022 WL 17368681, at *10 (citing *Sampson v. Ukiah Valley Med. Ct.*, No. 15-cv-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017)).

Liberally construed, Plaintiff's TAC states a cognizable claim for medical negligence or

3

malpractice.

However, despite the Court's prior instructions, Plaintiff has failed to adequately allege that he timely complied with the FTCA's administrative claim filing deadline. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

As the district court explained in its March 24, 2025 order, to allege timely filing under the FTCA, Plaintiff "must allege facts sufficient to show both (1) that he timely filed his claim with the Department of Health and Human Services ("HHS") within two years of its accrual, and, (2) if HHS issued a denial of his claim, that he filed this case within six months of that denial, or in the case of a failure to meet either or both of those deadlines, that he is entitled to equitable tolling as to each deadline that was not met." (Doc. 17 at 3, citing *United States v. Wong*, 575 U.S. 402, 420 (2015)).

The dental procedure and injury giving rise to the tort claim occurred on September 24, 2019. (Doc. 20 at 1.) In the TAC, Plaintiff alleges that he "did file a claim but never received a response" and he "filed an updated claim [o]n February 22, 2022." (*Id.* at 1-2.) Plaintiff does not allege the date when he reportedly filed his initial claim with HHS. Although it can be inferred from the allegations that he filed an initial claim prior to February 22, 2022, that inference is not sufficient. Absent a specific date, the Court cannot conclude that Plaintiff timely filed an administrative claim within two years after September 24, 2019, as required under 28 U.S.C. § 2401(b). Plaintiff's claim is therefore barred as untimely unless he can demonstrate that he is entitled to equitable tolling.

As the district court also explained in its March 24, 2025 order:

> To be entitled to equitable tolling, a plaintiff must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. U.S.,* 577 U.S. 250, 255 (2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The litigant's diligence refers to "affairs within the litigant's control." *Id.* at 257. The extraordinary-circumstances prong "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his]

4

control." *Id.* (emphasis in original).

(Doc. 17 at 4.)  In the TAC, Plaintiff alleges that tolling should apply "because he never received a response on his initial claim" and "it was not [his] fault for the defendants to not respond to his claim in a timely manner."  (Doc 20 at 2.)  These bare allegations, without further details, are not sufficient to demonstrate that Plaintiff is entitled to equitable tolling.  As Plaintiff was advised by the district court, "without details and dates, the Court will not be able to analyze whether his situation constitutes the due diligence and extraordinary circumstances to warrant equitable tolling as to the two-year requirement under 28 U.S.C. § 2401(b)."  (Doc. 17 at 4.)

Additionally, to be timely under 28 U.S.C. § 2401(b), Plaintiff must also allege the date of notice of final denial of the claim and that this suit was brought within six months of that date or that he is entitled to equitable tolling.  *See*, *e.g.*, *Ehimika v. United States*, No. CV 24-5962-DMG (JCx), 2024 WL 4800680, at *1 (C.D. Cal. Oct. 10, 2024) (citations omitted); (Doc. 17 at 5.)  As with his second amended complaint, Plaintiff's TAC fails to demonstrate that he timely filed his complaint with this Court within six months of HHS denying his claim.  At a minimum, Plaintiff's TAC does not adequately allege whether, and when, HHS denied his administrative claim.  As explained by the district court, without allegations of "when, or even if, HHS issued a formal denial of his claim, or when it did so . . . it cannot be established whether this case was filed within six months of the required date."  (Doc 17 at 5.)  Plaintiff's TAC also does not establish a basis for equitable tolling regarding the filing of this suit within the six-month period.  Plaintiff's allegations regarding equitable tolling appear to relate only to his filing of an initial claim with HHS.

## IV.  Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to allege that he timely exhausted his administrative remedies prior to bringing this lawsuit and timely filed his complaint in this Court under 28 U.S.C. § 2401(b), or that he is entitled to equitable tolling under the timing requirements of 28 U.S.C. § 2401(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

5

1 **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2025**            /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE