UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CROZIER,<br><br>          Plaintiffs,<br><br>   v.<br><br>VALLEY HEALTH TEAM, INC., et al.,<br><br>          Defendants. | Case No. 1:24-cv-00255-KES-FRS (EPG)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>**ORDER DISMISSING MOTION FOR EXTENSION OF TIME AS MOOT**<br><br>(Docs. 23, 24)<br><br>**<u>THIRTY DAY DEADLINE</u>** |

Plaintiff Mark A. Crozier ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 29, 2024. (Doc. 1.) Plaintiff brings claims against Valley Health Team, Inc., asserting claims for professional negligence (medical malpractice) and personal injury. (Doc. 24.) Plaintiff alleges that on September 24, 2019, Plaintiff went inside Defendant's dental practice to get his teeth deep cleaned. While getting his teeth deep cleaned, the doctor started drilling Plaintiff's teeth "which caused Plaintiff to have serious injury and disfigurement to his teeth and jaw." (*Id.* at 2.)

On January 29, 2026, Plaintiff filed a Motion for an Extension of Time. (Doc. 23.) The

1

same day, Plaintiff lodged a Fourth Amended Complaint.  (Doc. 24.)  Both are now before the Court.

## I.     BACKGROUND

After screening Plaintiff's first and second amended complaints, on March 24, 2025, the Court permitted Plaintiff a final opportunity to amend his complaint to allege that this lawsuit is timely or that he is entitled to equitable tolling under the timing requirements of 28 U.S.C. § 2401(b).  (Doc. 17.)  On June 23, 2025, Plaintiff filed his Third Amended Complaint.  (Doc. 20.)

On December 4, 2025, the Court issued Findings and Recommendations recommending the Third Amended Complaint be dismissed on the grounds that (1) Plaintiff failed to adequately allege that he timely complied with the Federal Tort Claims Act's ("FTCA") administrative claim filing deadline, (2) Plaintiff failed to provide enough detail to sufficiently demonstrate that he is entitled to equitable tolling, and (3) Plaintiff failed to allege the date of notice of final denial of his Health and Human Services ("HHS") administrative claim and that this suit was brought within six months of that date, or that Plaintiff was entitled to equitable tolling regarding the filing of this suit within the six-month period.  (Doc. 21 at 3-5.)

On January 29, 2026, Plaintiff filed a Motion for an Extension of Time.  (Doc. 23.)  The same day, Plaintiff lodged a Fourth Amended Complaint.  (Doc. 24.)  On February 19, 2025, Plaintiff filed untimely objections to the Court's Findings and Recommendations.  (Doc. 25.)

Plaintiff's Fourth Amended Complaint includes new allegations that (1) Plaintiff filed his initial claim with HHS on November 1, 2019, and (2) he informed HHS no response was received regarding the initial claim when he filed his subsequent claim on February 22, 2022.  (Doc. 24 ¶¶ 2-3.)  Plaintiff alleges again that equitable tolling is appropriate because he never received a response to his claims.  (*Id.* ¶¶ 1-3.)

## II.     ANALYSIS

Although Plaintiff failed to provide sufficient information regarding exhaustion of administrative remedies in his previous complaints, and although Plaintiff's Fourth Amended Complaint is not timely filed, the Court will exercise its discretion to permit Plaintiff to proceed past screening with Plaintiff's Fourth Amended Complaint.

The Court previously noted in its pending Findings and Recommendations that liberally construed, Plaintiff states a cognizable claim for medical negligence or malpractice.  (Doc. 21 at 3-4.)

Having considered the lodged Fourth Amended Complaint and Plaintiff's Objections, and based on the new assertions that Plaintiff complied with the Federal Tort Claims Act,[1] the Court finds that this action should proceed on Plaintiff's Fourth Amended Complaint, filed on January 29, 2026, against Defendant Valley Health Team, Inc.  However, Defendant will not be precluded from challenging the substance or merits of the Fourth Amended Complaint—including pursuant to Federal Rule of Civil Procedure 12—or asserting any applicable defenses.

Additionally, on January 29, 2026, Plaintiff filed a document that entitled "Motion fo[r] extension of time."  (Doc. 23.)  Plaintiff stated that he "could not understand the entirety" of the Court's December 4, 2025 Order, and that he needed additional time to consult with a paralegal given the winter holidays.  (*Id*.)  On February 19, 2026, Plaintiff filed his untimely objections to the Court's December 4, 2025 Findings and Recommendations.  (Doc. 25.)  Plaintiff's Motion for an Extension of Time is DISMISSED as moot.

**III.    ORDER**

Accordingly, IT IS ORDERED:

1.    The Court's Findings and Recommendations (Doc. 21) are VACATED;

2.    The Clerk of Court SHALL file the lodged Fourth Amended Complaint (Doc. 24), to be dated as of the date of this Order;

3.    Plaintiff's Motion for an Extension of Time (Doc. 23) is DISMISSED as MOOT;

4.    Service shall be initiated on the following defendant:

Valley Health Team, Inc.

5.    The Clerk of the Court SHALL send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Fourth Amended Complaint filed on January 23, 2026, (Doc. 24);

---

[1] Nothing in this order precludes Defendant from challenging Plaintiff's compliance with that Act as the case progresses.

3

6.    Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL complete the attached Notice of Submission of Documents, and submit the completed Notice to the Court with the following documents:

a.    One (1) completed summons for each defendant listed above;

b.    One (1) completed USM-285 form for each defendant listed above; and

c.    Two (2) copies of the endorsed Fourth Amended Complaint filed on January 29, 2026.

7.    Plaintiff need not attempt service on the Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant under Federal Rule of Civil Procedure 4 without payment of costs; and

**8.    The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:    **February 27, 2026**          /s/ _Eric P. Grosjean_
                                                UNITED STATES MAGISTRATE JUDGE